## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

George Allicon

     v.                                    Civil No. 11-cv-007-SM

Verizon Wireless et al.[1]

## O R D E R

Before the court is George Allicon's complaint (doc. no. 1), and exhibits thereto,[2] asserting violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), arising out of defendants' cancellation of his cell phone service in 2006, and the billing problems that arose subsequent to that cancellation. Also before the court are two motions filed by Allicon: a Motion to Delay Service (doc. no. 3) and a Motion to Appoint Counsel (doc. no. 4).

---

[1]In addition to Verizon Wireless (also referred to as Verizon Cellular by plaintiff), the only defendant listed in the caption of his complaint, plaintiff has submitted summons forms for defendants Fairpoint Communications and Trans Union as well. The court will construe this action to name all three entities as defendants.

[2]The contents of documents attached to the complaint may be considered by the court in determining if plaintiff has stated a claim upon which relief can be granted. See Young v. Lepone, 305 F.3d 1, 11 (1st Cir. 2002) (fate of motion to dismiss generally depends on allegations contained within four corners of complaint, but may be expanded to include undisputed information contained within exhibits attached to or referenced in complaint). Here, the exhibits attached to the complaint will be construed as part of the complaint for all purposes in this case. See Fed. R. Civ. P. 10(c).

## Preliminary Review

Because Allicon is proceeding pro se and in forma pauperis, the matter is before me for preliminary review to determine among other things, whether the complaint states any claim upon which relief might be granted.  See 28 U.S.C. § 1915(e)(2); United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B).  As fully explained in a Report and Recommendation issued simultaneously with this Order, the court finds that Allicon has sufficiently stated facts to assert claims against defendants Verizon Wireless and Trans Union under the FCRA to allow this action to proceed against those defendants.[3]

## Motions

I.   Motion to Delay Service (Doc. No. 3)

Allicon seeks to delay service of this matter until a docket number has been assigned to the case.  A docket number has since been assigned.  Accordingly, the service order in this case will not need to be delayed to await the docket number. The motion to delay service (doc. no. 3) is DENIED as moot.

---

[3]The court, in its Report and Recommendation, also recommended that a third defendant, Fairpoint Communications, be dismissed from this action.

II.  <u>Motion to Appoint Counsel</u>

Allicon requests that this court appoint counsel because he
cannot afford to hire an attorney as he is retired and lives on
a fixed income.  Further, Allicon states that no law library
exists in Nashua, New Hampshire, where he lives.

There is no constitutional right to the appointment of
counsel in a civil case in this court.  <u>See</u> <u>Maroni v. Pemi-Baker
Reg'l Sch. Dist.</u>, 346 F.3d 247, 257 (1st Cir. 2003).  While the
court has the discretion to appoint counsel in a particular
case, it should do so "only if 'exceptional circumstances were
present such that a denial of counsel was likely to result in
fundamental unfairness impinging on [plaintiff's] due process
rights.'"  <u>King v. Greenblatt</u>, 149 F.3d 9, 14 (1st Cir. 1998)
(quoting <u>DesRosiers v. Moran</u>, 949 F.2d 15, 23 (1st Cir. 1991));
<u>Cookish v. Cunningham</u>, 787 F.2d 1, 2 (1st Cir. 1986) (indigent
litigant has no constitutional right to counsel in a civil case
and must demonstrate exceptional circumstances to justify the
appointment of counsel).  To determine if "exceptional
circumstances" warrant the appointment of counsel, "a court must
examine the total situation, focusing, inter alia, on the merits
of the case, the complexity of the legal issues, and the
litigant's ability to represent himself."  <u>DesRosiers</u>, 949 F.2d
at 24.

Here, Allicon has asserted that he has a fixed retirement income and no local access to a law library.  While these facts undoubtedly make litigating this action more difficult than it would be if Allicon had an attorney, they do not present "exceptional circumstances."

Further, while the court finds that Allicon's complaint states facts sufficient to state a claim upon which relief might be granted, the merits of that claim are as yet undetermined. The claims in this case are relatively straightforward and fact-based.  To the extent that this case may require Allicon to conduct legal research, there is no indication that he lacks the ability or capacity to travel to Concord or somewhere else with a law library, or to otherwise access legal materials located outside of Nashua.

The court does have some question, based on the lack of clarity in Allicon's pleadings, about Allicon's ability to represent his own interests with some minimum degree of efficacy.  While Allicon's ability to represent himself may prove a hindrance to his ability to obtain due process in this matter in the future, the need for counsel has not been demonstrated at this time.  Accordingly, the motion to appoint counsel (doc. no. 4) is DENIED, without prejudice to plaintiff renewing his request in the future if appropriate.

**Service**

The case file includes summons forms completed by Allicon. The clerk's office shall issue the summonses in the case file, naming Verizon Cellular/Verizon Wireless and Trans Union as the defendants, and shall forward to the United States Marshal for the District of New Hampshire (the "U.S. Marshal's office") the summons and a copy of the complaint (doc. no. 1), including the exhibits thereto, the Report and Recommendation issued this date, and this Order.  Upon receipt of the necessary documentation, the U.S. Marshal's office shall effect service upon defendant.  See Fed. R. Civ. P. 4(c)(3).

Defendant is instructed to answer or otherwise plead within twenty-one days of service.  See Fed. R. Civ. P. 12(a)(1)(A).

Allicon is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on defendant by delivering or mailing the materials to it or its attorney(s), pursuant to Fed. R. Civ. P. 5(b).

SO ORDERED.

_____
Landya B. McCafferty
United States Magistrate Judge

Date: June 9, 2011

cc:  George Allicon, pro se

LBM:jba