UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

George Allicon

    v.                                                Civil No. 11-cv-007-SM

Verizon Wireless et al.

**O R D E R**

George Allicon has pending before the court an action alleging that his rights under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), were violated by defendants. In a Report and Recommendation (doc. no. 8) and Order (doc. no. 9) issued June 9, 2011, this court directed service of Allicon's FCRA claim against Verizon Wireless and Trans Union and recommended that Allicon's claims against a third defendant be dismissed.

Allicon has now filed a "Motion to Amend Background" (doc. no. 10) in which he takes no issue with the June 9 recommendations and directives of the court, but seeks to correct certain facts the court included in the Report and Recommendation. Allicon seeks to amend the factual findings in the Report and Recommendation (doc. no. 8) as follows:

- On November 7, 2006, Allicon paid $138.81 on his cell phone bill, which was the entire balance then due. This was not an early termination fee ("ETF").

- On a home phone bill dated November 27, 2006, the bill listed the balance owed for his cell phone service at $138.81.  That bill did not reflect that Allicon had paid that balance on November 7, 2006.

- In December 2006, Allicon was billed $190.07 on his cell phone bill, which included an ETF of $175.00.

- In December 2006, Allicon made a partial payment on his $190.07 cell phone bill of $50.00, leaving his cell phone bill balance at $140.07.

- Allicon's December 27, 2006, home phone bill totaled $196.21.

- Some of the charges on Allicon's December 27, 2006, home phone bill were identified on the bill as "Regulated Charges" totaling $56.29 (including a past due balance of $4.23 and a current charge of $52.06). "Regulated Charges" were defined on the bill as: "Charges for local telephone service, dial tone line, long distance calls, value added services such as Call

   Waiting, Call Forwarding, associated services and installation charges."

- The remainder of the charges on Allicon's December 27, 2006, home phone bill were identified on the bill as "Non-Regulated Charges" which were defined as: "All other charges not included in regulated charges. These include, but are not limited to, internet connectivity charges, directory advertising charges, customer provided equipment, 700/00 charges, etc." The Non-Regulated charges on Allicon's bill totaled $139.92, which sum was comprised of a $138.81 past due balance and a $1.11 current charge, which appears to be a finance charge.

- Allicon states that the $138.81 appearing as a "Non-Regulated Charge" on his December 27, 2006, home phone bill was the same $138.81 that he had been charged, and had fully paid, on his cell phone bill for his cell phone service, in November 2006.

- Allicon's January 27, 2007, home phone bill was for $174.01. The bill reflects that at the beginning of that billing cycle, Allicon owed $196.21 (which

    Allicon states improperly includes the $138.81 paid on the cell phone account in November 2006).  The bill reflects that Allicon made a payment of $80.00 on January 22, 2007.  The bill also includes $57.80 in new home phone charges.[1]

- Allicon's February 27, 2007, home phone bill shows that Allicon made another $80.00 payment toward the $174.01 bill on February 21, 2007.  Allicon's past due charges on that bill, and his new charges, totaled $152.09.

- A handwritten note on Allicon's February 27, 2007, bill indicates that Allicon paid $50.00 toward his home phone bill on January 4, 2007, but that payment is not reflected on Allicon's home phone bills.  However, a $50.00 payment is credited on Allicon's January 7, 2007, cell phone bill.

---

[1]Allicon's hand-written note on this home phone bill says, "a cell penalty," but Allicon also claims that his ETF, the only "cell penalty" discussed in this action, appeared only on his wireless bill.  The court will not consider the handwritten characterization as a fact asserted in this action, as it appears to contravene the billing information presented.

Considering the factual assertions Allicon has made in his complaint and in the motion to amend, the court construes the facts alleged as follows:

- Allicon paid the entire balance then due on his cell phone service, $138.81, on November 7, 2006. That payment was reflected on his next cell phone bill from Verizon Wireless.

- On November 27, 2006, Allicon was again billed the $138.81 previously owed on his cell phone bill, but the charge appeared as a "Non-Regulated Charge" on his home phone bill.

- On his January 7, 2007, home cell phone bill, Allicon was charged an ETF of $175, which was part of a total balance of $190.07. Allicon made a partial payment of $50.00 toward that bill.

- Allicon claims that he was not obligated to pay the remainder of his ETF due to the class action settlement discussed in the court's June 9, 2011, Report and Recommendation.

- Allicon claims that, at some point, a debt to Verizon Wireless appeared on Allicon's credit report with Trans Union.  This debt is either the $138.81 that was paid in November 2006 on Allicon's cell phone account, but then migrated to Allicon's home phone account as an unpaid balance, or, the figure represents the portion of Allicon's ETF that he was not required to pay by virtue of the class action settlement.

- Whatever the source of the alleged debt, Allicon claims the debt improperly appeared on his credit report, and that upon receiving statutorily adequate notice, both Trans Union and Verizon Wireless failed to conduct a reasonable investigation of the inaccurate debt entry, and failed to correct the inaccuracy.  Whatever the source of the debt, Allicon asserts that a reasonable investigation of Verizon Wireless' own records would have revealed the inaccuracy of the credit report entry.

## Conclusion

To the extent Allicon seeks to amend the factual portion of his pleadings by including the above-listed factual allegations, the motion to amend (doc. no. 10) is GRANTED.

6

To the extent the background facts iterated in the June 9, 2011, Report and Recommendation (doc. no. 8) are inconsistent with those stated here, they are withdrawn and replaced with the assertions and factual findings described in this order.

Nothing in the motion to amend alters the legal claims in this case as set out, or the recommendations and service order issued by this court, in the Report and Recommendation (doc. no. 8) and Order (doc. no. 9) issued on June 9, 2011.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date: July 8, 2011

cc: George Allicon, pro se

LBM:jba